**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|     ) | |
|     Plaintiff,   ) | |
|     ) | |
| vs.   ) | Case No. 3:21-CR-30148-DWD-6 |
|     ) | |
| TAMARA PEOPLES,   ) | |
|     ) | |
|     Defendant.   ) | |

## <u>MEMORANDUM & ORDER</u>

**DUGAN, District Judge:**

Before the Court is Defendant Tamara Peoples' pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821. (Sealed Doc. 480). The Government has filed a response. (Doc. 482). For the reasons explained below, the Motion is denied.

### BACKGROUND

On September 21, 2022, Ms. Peoples was charged with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance: Methamphetamine and Possession with Intent to Distribute Controlled Substance: Methamphetamine in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(viii), 846. (Doc. 1). Ms. Peoples pled guilty, and on March 30, 2023, this Court sentenced her to 168 months' imprisonment, supervised release for five years, a $200 fine, and a $100 special assessment. (Doc. 266). On December 1, 2023, this Court reduced Ms. Peoples' sentence from 168 months to 113 months. (Sealed Doc. 440). Ms. Peoples is currently incarcerated at Carswell FMC and has an anticipated release date of February 10, 2030.

## DISCUSSION

Pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001). Ms. Peoples argues that her sentence should be reduced because her sentence was improperly calculated under the Guidelines. (Sealed Doc. 480, pg. 1). Specifically, she posits that she was given three additional criminal history points that should not have been included for a prior conviction that took place in 2007. (*Id.*, pg. 4). She contends that, pursuant to the updates in Amendment 821, "Section 4A1.2(e), which was made retroactive, the aforementioned 2007 prior offense stands outside of the ten (10) year scope of judicial review for inclusion in Ms. Peoples' Sentencing Guidelines Calculation for the instant offenses." (*Id.*). The Government responds in opposition to the Motion, arguing that it is barred by Defendant's waiver of her right to appeal or collaterally attack her sentence that was included in her plea agreement. (Doc. 482).

As part of her plea agreement, Ms. Peoples' "waive[d] the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding[.]" (Doc. 179, pg. 8). The plea agreement provided three limited exceptions to Ms. Peoples' waiver of her right to appeal or contest the sentence imposed by this Court: (1) if the sentence imposed exceeded the sentencing guidelines as determined by the Court, (2) if Defendant claimed ineffective assistance of counsel, and (3) if Defendant filed a motion for compassionate release. (*Id.*, pgs. 8–10).

"A waiver of appeal even in a criminal case is normally valid and binding." *United States v. Mason*, 343 F.3d 893, 894-95 (7th Cir. 2003). However, a waiver does not always

foreclose review. *Id.*, 343 F.3d at 895 (quoting *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002)). The terms of a waiver must be unambiguous, and it must be knowingly and voluntarily made by the defendant. *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003). Further, the plea agreement containing the waiver may preserve issues for appeal, be unenforceable due to a material breach by the government, or itself be the product of ineffective assistance of counsel. *Mason*, 343 F.3d at 895 (citing *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997)).

Here, Ms. Peoples has not claimed that her waiver of her right to appeal or contest her sentence under the bounds of the plea agreement was not made knowingly or voluntarily and has not otherwise responded to the Government's Response to her Motion. Further, Ms. Peoples' does not argue that her Motion falls within the limited exceptions of the plea agreement. Her sentence did not exceed the sentencing guidelines as determined by the Court. *See* (Doc. 266; Sealed Doc. 267, pg. 1). Ms. Peoples' does not claim that she had ineffective assistance of counsel. Finally, the instant motion does not move the Court for compassionate release. As such, Ms. Peoples' Motion for Sentence Reduction is barred by her plea agreement.

Even if Ms. Peoples' argued that her waiver was not made knowingly or voluntarily, or the Court determined that one of the limited exceptions to her waiver was invoked, her Motion does not demonstrate that she is eligible for the relief it requests. Section 3582(c)(2) permits a district court, upon motion of the defendant, "to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The applicable policy statement for § 3582(c)(2) is U.S.S.G. § 1B1.10. The policy statement provides that a sentence can be reduced where "the guideline range applicable to a defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1). It further states that a sentence reduction "is not consistent with this policy statement and therefore is not authorized" under the statute if "none of the amendments listed in subsection (d) is applicable to the defendant, or an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2). Ms. Peoples claims that Amendment 821, Part A, applies to her, which is included in subsection (d) of § 1B1.10.

Here, Amendment 821 does not apply to Ms. Peoples. Part A of Amendment 821 changed the conditions for, and number of, status points to be added to a defendant's criminal history calculation where the defendant committed the instant offense while under any criminal justice sentence under § 4A1.1. Ms. Peoples does not argue that her criminal history calculation was improper on that basis. Instead, Ms. Peoples' argument challenges the three points she was given for her 2007 prior offense. (Sealed Doc. 480, pg. 4); *see* § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."). She argues that her prior offense from 2007 should not have been

4

included because it happened more than ten years prior.[1] As such, Part A of Amendment 821 is irrelevant to Ms. Peoples' Motion and thus does not have the effect of lowering her guideline range. Accordingly, Ms. Peoples is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### CONCLUSION

For the above stated reasons, Defendant Tamara Peoples' pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Sealed Doc. 480) is **DENIED**.

**SO ORDERED.**

Dated: May 18, 2026

_____
DAVID W. DUGAN
United States District Judge

---

[1] Ms. Peoples also misstates the applicable time period. The guideline under which she claims her sentence was miscalculated, § 4A1.2(e), provides that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e). That guideline defines defendant's "commencement of the instant offence" to include "any relevant conduct." *Id.* at Note 8. Here, the Presentence Investigation Report indicates that on July 13, 2020, during a search executed at Ms. Peoples' residence, she was found to be in possession of 294 grams of methamphetamine, which resulted in the charges at issue in this case. (Sealed Doc. 210, pg. 6). As such, the fifteen-year period for which Defendant's previous sentences that exceeded one year and one month would be considered in her criminal history calculation started in July of 2005. The Presentence Investigation Report indicates that Ms. Peoples' received a 10-year sentence in 2007 for the subject prior offense, which was later reduced to 6 years. (Sealed Doc. 210, pg. 12). As such, the sentence resulting from her 2007 prior offense was appropriate to include in the criminal history calculation.